# GOODWIN | PROCTER

Mary Dulka
(212) 459-7278
mdulka@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

July 29, 2015



**VIA HAND DELIVERY**

Honorable Denise L. Cote
United States District Court for the
 Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312



Re:   In re Puda Coal Securities Inc. *et al.* Litigation, 11-CV-2598 (DLC)

Dear Judge Cote:

We represent Defendants Lawrence S. Wizel and C. Mark Tang (the "Independent U.S. Directors"), the former U.S.-based independent directors of Puda Coal, Inc. ("Puda"), in connection with the referenced action. On July 14, 2015, the Court approved the parties' joint request in this action to temporarily forego electronic filing of their respective summary judgment motion papers in favor of service only, and ordered the parties to submit to the Court any proposed redactions to those motion papers within two weeks of their service. (ECF Doc. No. 515.)

The Independent U.S. Directors served their summary judgment motion papers on July 15, and subsequently conferred with counsel for the other parties involved in briefing the summary judgment motions. The Independent U.S. Directors respectfully request that the Court permit them to redact very limited portions of certain exhibits attached to their counsel's declaration in support of their summary judgment motion before they electronically file those exhibits. The proposed redactions involve private personal information about the Independent U.S. Directors that is unrelated to the allegations or claims in this action, and counsel for the other parties have consented to the proposed redactions. A copy of the Independent U.S. Directors' letter filed today on ECF is attached.

Although there is a presumption of public access to judicial documents submitted in support of a motion for summary judgment, the Second Circuit has stated that "the court must balance competing considerations against it," and that such countervailing factors include "the privacy

ACTIVE/83248486.1

GOODWIN | PROCTER

Honorable Denise L. Cote
July 29, 2015
Page 2

interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation and internal quotations omitted). *See also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (confirming that "courts have the power to insure that their records are not used to gratify private spite") (citation and internal quotation omitted).

Following the disclosure of Ming Zhao's fraudulent transfers of Puda's ownership interest in its operating subsidiary that gave rise to the plaintiffs' claims in this action, the Independent U.S. Directors received several emails with death threats from strangers who appeared to be Puda shareholders (see attached examples).[1] To protect the privacy and safety of the Independent U.S. Directors, and potentially thwart any further threats of death, lawsuits or "gratif[ication of] private spite" against them, the Independent U.S. Directors respectfully request redaction of their home addresses, still-active email addresses, and financial information unrelated to their service as Puda Board members.

The proposed redactions involve the following exhibits to the July 15, 2015 Declaration of Mary K. Dulka in support of the Independent U.S. Directors' motion for summary judgment, and the requested redactions are highlighted:

- Exhibits 2-5 (deposition transcripts of the Independent U.S. Directors):

  - Ex. 2, Mr. Wizel's November 20, 2013 Dep. Tr. at 7:2-3 (Mr. Wizel's home address);
  - Ex. 2, Mr. Wizel's November 20, 2013 Dep. Tr. at 185:12 (Mr. Tang's business email address);
  - Ex. 3, Mr. Wizel's March 5, 2015 Dep. Tr. at 8:2-3 (Mr. Wizel's home address);
  - Ex. 3, Mr. Wizel's March 5, 2015 Dep. Tr. at 81:24-82:2 (Mr. Wizel's compensation from a job unrelated to his service on Puda's Board);
  - Ex. 4, Mr. Tang's November 21, 2013 Dep. Tr. at 7:3-4 (Mr. Tang's home address);
  - Ex. 4, Mr. Tang's November 21, 2013 Dep. Tr. at 85:8 (Mr. Tang's personal email address); and
  - Ex. 5, Mr. Tang's March 5, 2015 Dep. Tr. at 7:21-23 (Mr. Tang's home address).

- Exhibits 32, 40, 45, 47, 55-56, 58, 61, 63-66, 69-72, and 74 (emails produced from the files of the Independent U.S. Directors):

---

[1] The attached documents were produced to the parties in this action from the Independent U.S. Directors' files and are Bates-numbered CMT-CLASS-0001033, CMT-CLASS-0001119, and CMT-CLASS-0001141.

GOODWIN | PROCTER

Honorable Denise L. Cote
July 29, 2015
Page 3

- o Only the active personal and/or business email addresses of the Independent U.S. Directors would be redacted, not anything in the body of the emails.

No redactions are necessary to the other papers in support of the Independent U.S. Directors' summary judgment motion (notice of motion, memorandum of law and Local Civil Rule 56.1 statement of undisputed facts).

For the foregoing reasons, the Independent U.S. Directors respectfully request permission to electronically file redacted copies of the referenced exhibits in support of their summary judgment motion, with unredacted copies filed under seal pursuant to Rule 4(A) of Your Honor's Individual Practices in Civil Cases.

Respectfully submitted,

*Mary K. Dulka*

Mary K. Dulka

Enclosures

Approved.
*Denise Cote*
July 31, 2015